UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-60254-CR-DIMITROULEAS/AUGUSTIN-BIRCH
18 U.S.C. § 1343

UNITED STATES OF AMERICA

vs.

KAREN VILLAR,
              Defendant.
_____/

FILED BY _____ D.C.

DEC 08 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At times material to this Indictment:

1. Island Romance Holidays, Inc., a provider of vacation, travel, and lodging services which also operates under the name Couple's Resort, was incorporated in 1994, and has its corporate headquarters located in Sunrise, Florida.

2. American Express maintains its computer server for credit card authorizations in North Carolina.

3. Island Romance Holidays, Inc. provides many of its employees, including Defendant KAREN VILLAR, an American Express Business Platinum credit card ("American Express Card") to pay for official business expenses. Each eligible employee received a separate American Express card and Defendant KAREN VILLAR was assigned an American Express card ending in 11001.

1

4. Defendant KAREN VILLAR was hired by Island Romance Holidays, Inc. in August of 2019, and was employed as the Bookkeeper and Office Manager. As the Bookkeeper and Office Manager, KAREN VILLAR was responsible for general bookkeeping, staff payroll, corporate credit cards, budgeting, and general office management. She was also responsible for the oversight, reconciliation, and payment of Island Romance Holidays, Inc's twelve corporate credit cards.

5. Island Romance Holidays, Inc. maintains a corporate business checking account ending in 7669 at TD Bank, located in Plantation, FL. Business expenses are paid from this account.

6. The Chief Financial Officer ("CFO") would fund Island Romance Holidays, Inc.'s business checking account by transferring funds into this account from a Citibank corporate business checking account ending in 0147 under the name ISSA Hotels and Resorts, LTD – Jamaica.

## COUNTS 1 – 5
(WIRE FRAUD - 18 U.S.C. § 1343)

7. Paragraphs 1 through 6 of the General Allegations section of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.

8. From beginning on or about October 4, 2019, and continuing until on or about August 24, 2021, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

**KAREN VILLAR,**

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice, did

knowingly transmit and cause to be transmitted in interstate commerce by means of wire communications, certain writings, pictures, signs, signals and sounds, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE SCHEME AND ARTIFICE

9. It was the object of the scheme and artifice to defraud for the defendant to unjustly enrich herself by fraudulently utilizing Island Romance Holidays, Inc.'s American Express Business Platinum credit card to make unauthorized personal purchases and payment transfers without Island Romance Holidays, Inc.'s knowledge or consent.

## MANNER AND MEANS

The manner and means by which the defendant sought to accomplish the object of the scheme and artifice included, but were not limited to, the following:

10. Defendant KAREN VILLAR, while employed as the Bookkeeper and Office Manager with Island Romance Holidays, Inc., made in excess of 800 unauthorized personal purchases totaling approximately $147,694.92 utilizing her company issued American Express card, for various items including but not limited to rent payments, utility payments, restaurant meals, vacations, clothing, cosmetic surgery, dental work, and other personal expenses.

11. When Defendant KAREN VILLAR received Island Romance Holidays, Inc.'s monthly American Express credit card statements, one of which was for the American Express card assigned to her, and other monthly bills that needed payment, she would email the CFO seeking funding and authorization to pay these bills. Within these email requests, Defendant KAREN VILLAR would misrepresent the true amount of

credit card expenses, including her own, as well as other expenses that needed reimbursement authorization.

12. Relying solely on Defendant KAREN VILLAR's fraudulent misrepresentations within her emails, the CFO would authorize Defendant KAREN VILLAR's request, and the CFO would initiate the transfer of the requested funds from the Citibank account ending in 0147 to the Island Romance Holidays, Inc. corporate business checking account ending in 7669 at TD Bank.

13. To facilitate the commission of her fraudulent activity, Defendant KAREN VILLAR created "bulk expense" reports for each employee who utilized a credit card rather than individualized expense reports in the "Quickbooks" internal accounting system. Utilizing her position as bookkeeper, she would hide her unauthorized purchases by fraudulently making it appear as if her unauthorized charges were made by other employees or by providing the CFO with falsified or incorrect statements, reports, and representations regarding expenses incurred that needed reimbursement or funding.

## USE OF THE WIRES

14. On or about the dates specified as to each count below, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant, **KAREN VILLAR**, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals and sounds as set forth below:

4

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | 01/13/2020 | $284.96 credit card transaction utilizing KAREN VILLAR's Island Romance Holidays, Inc. American Express card ending in 11001 for the purchase of a roundtrip Southwest Airlines airline ticket from Fort Lauderdale, FL to San Antonio, TX for passenger Karen Villar, which caused a wire communication from Florida through the American Express credit card authorization server located in North Carolina. |
| 2 | 02/13/2020 | $2,980.84 credit card transaction utilizing KAREN VILLAR's Island Romance Holidays, Inc. American Express card ending in 11001 for a monthly rent payment at a residence located in Pembroke Pines, FL 33026, which caused a wire communication from Florida through the American Express credit card authorization server located in North Carolina. |
| 3 | 06/17/2020 | $1,685.62 credit card transaction utilizing KAREN VILLAR's Island Romance Holidays, Inc. American Express card ending in 11001 for an AirBnB vacation rental located in Kissimmee, FL, which caused a wire communication from Florida through the American Express credit card authorization server located in North Carolina. |
| 4 | 07/15/2020 | $2,495.00 credit card transaction utilizing KAREN VILLAR's Island Romance Holidays, Inc. American Express card ending in 11001 for the payment of dental work for patient Karen Villar at a dentist located in Pembroke Pines, Florida, which caused a wire communication from Florida through the American Express credit card authorization server located in North Carolina. |
| 5 | 02/06/2021 | $633.36 credit card transaction utilizing KAREN VILLAR's Island Romance Holidays, Inc. American Express card ending in 11001 for the payment of a birthday party at the Galaxy Skateway, located in Davie, Florida, which caused a wire communication from Florida through the American Express credit card authorization server located in North Carolina. |

| | | |
|---|---|---|
| 6 | 03/05/2021 | $2,800.00 credit card transaction utilizing KAREN VILLAR's Island Romance Holidays, Inc. American Express card ending in 11001 for the partial payment of cosmetic surgery at a doctor's office located in Miami, Florida, which caused a wire communication from Florida through the American Express credit card authorization server located in North Carolina. |

All in violation of Title 18, United States Code, Section 1343.

A TRUE BILL.

_____
FOREPERSON

J. VAGLIENTI
for
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
MARC S. ANTON
ASSISTANT U. S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

KAREN VILLAR

_____/
Defendant.

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

**Court Division** (select one)
- ☐ Miami   ☐ Key West   ☐ FTP
- ☒ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect: _____

4. This case will take __2__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☒ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) **No**
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) **No**

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
Marc S. Anton
Assistant United States Attorney
FL Bar No.    0148369

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: KAREN VILLAR

**Case No**: _____

Counts #: 1-6

Wire Fraud

In violation of Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 years
* Max. Fine: $250,000 or not more than the greater of twice the gross gain or twice the gross loss.

Count #:


* Max. Term of Imprisonment:
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release:
* Max. Fine:

Count #:


* Max. Term of Imprisonment:
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release:
* Max. Fine:

\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.